Eastern District of Kentucky
**F I L E D**

JUN 14 2021

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# ASHLAND

**CRIMINAL ACTION NO. 20-22-DLB**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**V.**                              **PLEA AGREEMENT**

**ERIC DUANE ELMORE**                                          **DEFENDANT**

\*    \*    \*    \*    \*

1.  Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Indictment, charging a violation of 18 U.S.C. § 2422(b), attempted online enticement.

2.  The essential elements of the Count are:

*EDE* (a)    The Defendant knowingly attempted;

*EDE* (b)    To persuade, induce, entice, and coerce;

*EDE* (c)    An individual who had not attained the age of 18 years;

*EDE* (d)    To engage in sexual activity for which any person can be charged with a criminal offense; and

*EDE* (e)    The Defendant used a facility or means of interstate or foreign commerce to do so.

3.  The United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits that these facts are true:

*EDE*

(a)   ELMORE began corresponding with the victim, who resided in Rowan County, int the Eastern District of Kentucky, using Facebook Messenger in late 2018, at a time the victim was 15 years old. ELMORE knew the victim from a previous relationship he had with the victim's mother and was aware of her age. Over time, specifically around the times alleged in the Indictment, the conversation became sexual in nature. On 10/05/2019 the victim's school counselor called KSP to report that the victim had reported the situation and told the counselor that she felt unsafe after receiving unwanted sexual messages from an adult male. Law enforcement was then contacted.

(b) KSP Detective Reynolds gained signed consent from the victim and her mother to obtain control of the victim's Facebook account and Facebook messenger. Detective Reynolds chatted with ELMORE for over a month (with ELMORE believing he was still corresponding with the victim). During this time ELMORE sent numerous messages to who he believed was the victim discussing his desire to engage in sexual conduct with her, including oral and vaginal sex. ELMORE also sent numerous pictures of his penis during these conversations and deposited $200 into the victim's personal bank account on 10/06/2019. These messages were sent via Facebook and the computer, which are means and facilities of interstate commerce.

During the course of the conversations between the Detective posing as the victim and ELMORE, ELMORE began discussing traveling to Kentucky KY to meet with the victim for sexual purposes. On 11/23/2019 ELMORE traveled from North Carolina to Morehead Kentucky, for the intended purposes of meeting with the victim to engage in oral and vaginal sex with the victim. At the time of ELMORE traveled to meet with the victim, she was 16 years of age and ELMORE was 46. Given the age differential between the victim and ELMORE, the sexual activity the Defendant described would violate Ky. Rev. Stat. § 510.090(1)(c) (third-degree sodomy) and Ky. Rev. Stat. § 510.060(1)(c) (third-degree rape).

4. The statutory punishment is imprisonment for not less than 10 years nor more than life, a fine of not more than $250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100 applies, which the Defendant will pay by the time of the sentencing hearing. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, committed after May 29, 2015 through September 30, 2021.

2

EDE

The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. These recommendations do not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the conduct described in ¶ 3 and the provided discovery materials.

(c) Pursuant to U.S.S.G. § 2G1.3(a)(3), the base offense level is 28.

(d) Pursuant to U.S.S.G. § 2G1.3(b)(2)(B), increase the offense level by 2 levels because a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct.

(e) Pursuant to U.S.S.G. § 2G1.3(b)(3)(A), increase the offense level by 2 levels because "the offense involved the use of a computer . . . to . . . persuade, induce, entice, [or] coerce . . . the minor to engage in prohibited sexual conduct[.]"

(e) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.



7.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.  The Defendant waives the right to appeal the guilty plea, conviction, and sentence.  Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.  The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life.  The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student.  The Defendant understands that he shall keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information.  The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.   The Defendant further understands that, under 18 U.S.C.

4

*EDE*

§ 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that the United States can prove the required nexus for forfeiture. The defendant further agrees to waive any and all provisions of Rule 32.2 pertaining to the timing of the filing of forfeiture orders.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the

5

*EDE*

provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States.  If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.  The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset.  The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

6

EDE

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant, and the Defendant's attorney, acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

Date: 6-14-21          By: 

Erin M. Roth
Assistant United States Attorneys

Date: 6-14-2021

Eric Elmore
Defendant

Date: June 14th, 2021

Michael Campbell
Attorney for Defendant

7